78  287
150a 564

HENRY STANTON, Respondent, *v.* JOHN S. HENNESSEY, Appellant.

*Services rendered, induced by fraud — damages sustained thereby — evidence.*

Upon the trial of an action brought to recover the amount of commissions alleged to be due the plaintiff upon the sale of a farm the complaint was dismissed. Thereafter another action was commenced by the same plaintiff against the son of the defendant in the first action, charging that the defendant had procured by fraud the services of the plaintiff in obtaining a purchaser for the farm of the defendant's father without authority from his father, and alleging that he employed the plaintiff for that purpose, representing himself to have such authority.

On the trial the plaintiff was permitted to state that he paid his lawyer fifty dollars in the first suit.

*Held*, that the admission of such testimony was error.   (BROWN, P. J., dissenting.)

That the plaintiff could not recover in the second action any of the expenses of the first suit brought against the father of the defendant, as that action was unnecessary so far as the liability of the defendant in the present action was concerned.

On the trial of such action the judgment roll in the first action was offered and received in evidence against the objection and exception of the defendant, and the plaintiff was allowed to state the grounds upon which the complaint in the former action was dismissed.

*Held,* that the admission of the judgment roll in evidence was erroneous, as it was only evidence between the parties to the suit, and could have no force against the defendant in the action at bar. (BROWN, P. J., dissenting.)

That it was erroneous to permit the plaintiff to state the grounds upon which the complaint in his suit against the defendant's father was dismissed, as it could be shown only by the record, and was, moreover, immaterial. (BROWN, P. J., dissenting.)

APPEAL by the defendant, John S. Hennessey, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 22d day of September, 1893, upon the verdict of a jury directed by the court, and also from an order entered in said clerk's office on the 24th day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Benjamin W. Downing,* for the appellant.

*Edward V. B. Kissam,* for the respondent.

DYKMAN, J.:

This action was commenced in the County Court of Queens county. It was based upon the fraud of the defendant in procuring the services of the plaintiff, the claim of the plaintiff being that he obtained a purchaser of the farm of the father of the defendant at the request of the defendant, who represented himself as clothed with authority from his father to employ the plaintiff for that purpose.

The plaintiff brought a suit against the father to recover his commissions upon the sale of the farm, and his complaint was dismissed at the Circuit.

Thereupon this action was commenced based upon the fraud of the defendant as we have already stated. At the close of the trial the judge directed a verdict in favor of the plaintiff for $539.25.

The counsel for the defendant requested permission to go to the jury upon all the issues in the case, but his request was denied and he took an exception.

Upon the trial the judgment roll in the action by the plaintiff against the father of the defendant was offered and received in evidence against the objection and exception of the defendant's counsel.

The plaintiff as a witness in his own behalf was asked upon what ground the complaint in his suit against the father of the defendant was dismissed, and he was permitted to answer although the defendant's counsel objected and excepted.

The counsel for the defendant, at the close of the plaintiff's case, moved to dismiss the complaint upon several grounds, and among others because it nowhere appears that the statements made by the defendant were not in every respect correct.

The motion was denied and there was an exception to the denial. The record discloses many fatal errors.

In the first place the commissions upon the sale of the farm can amount to only $330.50, and that is the full measure of the plaintiff's damages in any event. Yet the verdict was directed for $539.21. It does not appear how that sum was made up.

The plaintiff was erroneously permitted to state that he paid his lawyer in the first suit fifty dollars, and that may have been included in the verdict.

The plaintiff cannot recover in this action any of his expenses in the suit against the father.

That action was unnecessary so far as the liability of the defendant in this action is concerned. That was an unnecessary as well as an improper action, and certainly the defendant cannot be charged with the consequences of its failure.

The admission of the judgment roll in the suit of the plaintiff against the father of the defendant was erroneous. Judgments are only evidence between the same parties, but the defendant was not a party to that suit. That judgment, therefore, can have no force against the defendant in any way.

Upon the merits the judgment cannot be sustained. There is no proof that the defendant made any false representations. There is no proof that he did not have authority from his father to say all he said. He did not say he had authority to sell, or to bind his father in any way. He simply said he had authority from his father to state to the plaintiff that if he, the plaintiff, found a purchaser for

the farm his father would pay him the usual commissions, and there was no proof that he had not such authority.

It was erroneous to permit the plaintiff to state the grounds upon which the complaint in his suit against the father was dismissed. That could be shown only by the record, and it was moreover immaterial in this case.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred.

BROWN, P. J.:

I concur in a reversal of this judgment. But I am of the opinion that the judgment roll in the action between plaintiff and defendant's father was admissible in evidence to show that plaintiff had been subjected to the expense of an action in attempting to enforce the contract against defendant's father. ( *White* v. *Madison*, 26 N. Y. 120, 129.)

The costs of that suit and the expense of counsel, etc., were elements of the plaintiff's loss.

That judgment, however, was entered upon a verdict of the jury, and it was plainly incompetent for plaintiff to attempt to give the reason for the verdict.

Without his evidence on that subject the case was destitute of any proof that defendant had made any false representations, and the complaint should have been dismissed.

Judgment reversed and new trial granted, costs to abide the event.